944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard J. BUCHBINDER, Voren L. Buchbinder, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Jerry E. PRITCHETT, Patricia D. Pritchett, Donald R.
Clifford, Joyce K. Clifford, Alex Indich, Mira
Indich, Arthur Knox, Petitioners-Appellees,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellant.
 Nos. 89-70398, 89-70404.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1991.
Decided Sept. 23, 1991.
 
 Before POOLE, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is a comeback case involving consolidated appeals from the United States Tax Court. See Pritchett v. Commissioner, 85 T.C. 580 (1985), reversed and remanded, 827 F.2d 644 (9th Cir.1987), on remand, 56 T.C.M. (CCH) 1070 (1989). The principal issue presented for our review is whether the Tax Court erred in its determination that the investors in four of the five limited partnerships involved in these appeals were "at risk" for purposes of 26 U.S.C. § 465(b)(3)(A) with respect to those portions of their claimed loss deductions represented by their distributive shares of partnership recourse notes. We affirm.
 
 
 3
 A taxpayer who invests in an activity devoted to oil and gas exploration may deduct from his personal income taxes any losses he incurs in that venture up to the amount he has at risk. 26 U.S.C. § 465(c)(1)(D). Money borrowed for use in the activity is ordinarily considered to be at risk if the taxpayer is personally liable for its repayment. 26 U.S.C. § 465(b)(2)(A). Borrowed amounts represented by recourse notes are not deemed to be at risk, however, if they were obtained from a person with an interest other than that of a creditor in the activity. 26 U.S.C. § 465(b)(3)(A); Bennion v. Commissioner, 88 T.C. 684, 698 (1987).
 
 
 4
 The "other interests" prohibited by section 465(b)(3)(A) are those "fixed and definite rights or interests that realistically may cause creditors to act contrary to how independent creditors would act". Levy v. Commissioner, 91 T.C. 838, 868 (1988). Such prohibited interests fall into one of two categories, viz., capital interests and net profits interests. See Prop.Treas.Reg. § 1.465-8(b)(1)--(3), 44 Fed.Reg. 32239 (June 5, 1979); Krause v. Commissioner, 92 T.C. 1003, 1018-19 (1989). All parties to these appeals agree that this case turns on the meaning of net profits.
 
 
 5
 The IRS argues, inter alia, that Fairfield has an improper (i.e., noncreditor) interest in the partnerships' net profits because Fairfield's royalties on the partnerships' gross sales are determined by and contingent on the partnerships first having received specified amounts of net profits. We disagree with respect to the four Nevada partnerships. The royalty provisions in those partnerships' agreements with Fairfield merely set triggering mechanisms for Fairfield's right to receive royalties on gross receipts. As such, they do not grant Fairfield the kind of "fixed and definite rights or interests" prohibited by section 465(b)(3)(A). Cf. Larsen v. Commissioner, 89 T.C. 1229, 1271-72 (1987), aff'd in part, rev'd in part and remanded sub nom. Casebeer v. Commissioner, 909 F.2d 1360 (9th Cir.1990) (remarketing agreement with 120% net equity provision as triggering mechanism did not violate section 465(b)(3)(A)). For the same reasons we reject the IRS' argument that Fairfield had a prohibited interest in the partnerships' net profits because the net cash from which the recourse notes were to be paid was effectively the same thing as net profits. Cf. Waddell v. Commissioner, 86 T.C. 848, 915 (1986), aff'd, 841 F.2d 264 (9th Cir.1988) (holder of recourse note with interest in net profits was coventurer, not creditor, for purposes of section 465(b)(3)(A)).
 
 
 6
 With respect to the Buchbinders' appeal, however, we note that paragraph 3(d) of the completion agreement entered into between their California partnership and Fairfield provided that Fairfield would receive "10% of the net proceeds derived from any well". Contrary to the Buchbinders' arguments, it is clear from our discussion above that the language of paragraph 3(d) runs afoul of section 465(b)(3)(A). While the Buchbinders' contention that the inclusion of this provision and the actions that followed therefrom were inadvertent and the result of mutual mistake is certainly plausible, it is equally plausible on this record that their explanation is only an after-the-fact attempt to circumvent what they later discovered to be the adverse tax consequences of paragraph 3(d). Accordingly, it cannot be said that the Tax Court clearly erred in reaching the result that it did. See Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991) (Tax Court's rulings on questions of fact reviewed for clear error).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3